IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MOORE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPT. JEROME WALSH, et al. | : | NO. 14-5533 |

REPORT AND RECOMMENDATION

JACOB P. HART                                                                               DATE: 11/13/2014
UNITED STATES MAGISTRATE JUDGE

       This is a *pro se* petition for write of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an individual currently incarcerated at the Graterford State Correctional Institute in Philadelphia, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

I.       <u>Factual and Procedural Background</u>

       On October 18, 2011, three officers serving with the Clifton Heights Police Department in Delaware County were dispatched to Moore's home because of reports that he was holding a gun to his own head. <u>Commonwealth v. Moore</u>, No. 1673 EDA 2013 (Pa. Super. Feb. 28, 2014), attached to Commonwealth's Response as Exhibit B at 1. When the officers entered Moore's bedroom, he pointed the gun at them. <u>Id</u>. at 2. Moore did not comply with orders to drop his weapon, and he shot at one of the officers. <u>Id</u>. Eventually, he was subdued and arrested. <u>Id</u>.

       Moore was charged in the Court of Common Pleas for Delaware County with three counts of attempted criminal homicide, three counts of attempted murder in the first degree, three counts of recklessly endangering another person, one count of possessing an offensive weapon, three counts of assault on a police officer, three counts of possessing a weapon with intent to employ it criminally, and six counts of aggravated assault. <u>Id</u>. at 2.

On June 18, 2012, however, Moore entered a plea of guilty pursuant to a negotiated plea agreement. Id. at 3. He pleaded guilty to one count of attempted murder of a police officer, and two counts of aggravated assault of a police officer. Id. As described by the Pennsylvania Superior Court in Moore's PCRA appeal:

> The sentences imposed were those negotiated between counsel for the Defendant the Deputy District Attorney. The sentence for the conviction on attempted murder was 9 to 18 years in prison. The sentence for the conviction on the first count of aggravated assault was 9 to 18 years in prison, to run consecutive[ly] to the attempted murder conviction. The sentence for the conviction on the second count of aggravated assault was 9 to 18 years in prison, which was to run concurrent[ly] with the above sentences. The terms of the plea agreement were made clear to Appellant and the total sentence was 18 to 36 years in a state correctional institute.

Id. at 3.

Moore did not file a direct appeal. However, he filed a timely petition for collateral relief under Pennsylvania's Post-Conviction Relief Act, ("PCRA"), 42 Pa. C.S. § 9541, *et seq*. Id. In it, he alleged ineffective assistance of counsel. Id. Appointed PCRA counsel filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), stating that he found no issues of arguable merit to raise in an amended PCRA petition. Id. at 3-4. After proper notice, Moore's PCRA petition was dismissed on May 22, 2013. Id. at 4.

Moore appealed the denial of his PCRA petition to the Pennsylvania Superior Court. Id. In his statement of errors complained of on appeal, filed pursuant to Pa. R.A.P. 1925(b), he argued that counsel was ineffective in the following respects: (1) failing to request/conduct a pre-sentence investigation, and failing to inform Moore of his right to a pre-sentence investigation; (2) failing to inform him of his right to have character witnesses testify on his behalf; (3) inaccurately informing him that he could qualify for "Pre-Release" when it does not exist. Commonwealth v. Moore, CP-23-1059-2012, (C.C.P. Del. Aug. 2, 2013), attached to Commonwealth's Response as Exhibit A at unnumbered pages 1-2. Fourthly, Moore maintained

that his guilty plea was involuntary and unknowing because he was under the influence of narcotics during the plea hearing. Id.

The Superior Court dismissed Moore's appeal in an opinion issued on February 14, 2014. Commonwealth's Exhibit B, supra. Apparently, his appellate brief contained none of the sections required in the state rules of appellate procedure, nor did it contain any argument. Id. at 4-5. It consisted only of reproduced transcript pages. Id.

Moore filed the present petition for habeas corpus relief on September 25, 2014. In it, he argues again that his guilty plea was not knowing and intelligent because he had taken narcotic medication prior to the plea hearing. He also maintains that he received ineffective assistance of plea counsel in that he was advised to enter a plea of guilty while under the influence of medication, and to "just answer yes" to the colloquy questions. Third, he argues that plea counsel was ineffective in failing to file a direct appeal on his behalf. Fourth, Moore argues that PCRA counsel was ineffective in failing to "perfect [his] petition or amend it [in] any way." Petition at ¶ 12 Ground Two. Moore's final claim is that the sentence he received constituted double jeopardy because he was sentenced for two crimes for the same firing of a gun.

II.     Exhaustion of Federal Habeas Corpus Claims

A federal court will not address the merits of claims presented in a habeas corpus petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995); Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994). Appeal to the Pennsylvania Superior Court is sufficient. Whitney v. Horn, 280 F.3d 240, 250 n.10 (3d Cir. 2002). However, the claim must have been "fairly presented" to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

This exhaustion requirement is based on rules of comity between state and federal courts. The United States Supreme Court has said:

> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness] of a federal court's overturning a state court conviction without the state court's having had an opportunity to correct the constitutional violation in the first instance.

O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999), citing Rose v. Lundy, 455 U.S. 509, 515-516 (1982).

III.   Discussion

A.   Moore's Third, Fourth and Fifth Claims are Unexhausted and Procedurally Defaulted

Moore did not argue in his PCRA appeal that counsel had erred in failing to file a direct appeal for him, nor did he argue that PCRA counsel had been ineffective.[1]  He did not raise a claim of double jeopardy. It is not difficult to see that these claims, raised as his third, fourth and fifth in his habeas corpus petition, are unexhausted and cannot be considered here.

Further, it is no longer possible for Moore to return to the state courts to exhaust these claims. The PCRA statute states that "[a]ny petition under this subchapter … shall be filed within one year of the date the judgment became final … ." 42 Pa. C.S.A. § 9545(b). This one-year statute of limitations is a jurisdictional bar, and is not subject to equitable tolling. Commonwealth v. Fahy, 737 A.3d 214, 222 (Pa. 1999). Moore's PCRA statute of limitations

---

[1] There is no constitutional right to effective assistance of counsel in a collateral proceeding such as a PCRA petition. Coleman v. Thomas, supra, at 501 U.S. 753-4. In Martinez v. Ryan, 132 U.S. 1309 (2012), the United States Supreme Court ruled that, under some circumstances, a PCRA attorney's ineffective assistance in failing to file a claim can constitute cause for the purposes of procedural default. This is not, however, the nature of Moore's claim. What is more, in this case, PCRA counsel had been given leave to withdraw, so that the contents of Moore's PCRA appeal were entirely within his own control. Thus, even if Moore had argued that his procedural default should be excused under Martinez, this argument could not succeed.

4

ran on July 18, 2013, one year after the expiration of the 30-day appeal period following the entry of his guilty plea.

In the context of habeas law, the procedural default barrier precludes a federal court from reviewing a state petitioner's habeas claim if the state court would deem that claim defaulted under an independent and adequate state rule. Coleman v. Thompson, 501 U.S. 722, 729 (1991); Carter v. Vaughn, supra, at 62 F.3d 595. These claims, which Moore did not raise in his first PCRA petition, are therefore procedurally defaulted under 42 Pa. C.S.A. § 9545(b).

To survive procedural default in the federal courts, a petitioner must demonstrate either (a) cause for the default and actual prejudice arising from the alleged violation of federal law, or (b) that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, supra, at 501 U.S. 750. To establish a fundamental miscarriage of justice, the petitioner must demonstrate actual innocence. Schlup v. Delo, 513 U.S. 298 (1995). Moore has not made any argument in this regard, and it is not apparent that appropriate facts exist to warrant excusing procedural default.

2. <u>Moore's First and Second Claims Are Also Unexhausted and Procedurally Defaulted</u>

As above, Moore argued in his 1925(b) statement that his guilty plea was involuntary because he had taken narcotic medication on the morning of the plea hearing. Moore's second claim, that his counsel wrongly advised him to continue with the guilty plea despite his medicated state, can be charitably construed as related to that claim. Nevertheless, these claims, too, are unexhausted. They were not fairly presented to the Pennsylvania Superior Court as a result of Moore's failure to comply with the Commonwealth Appellate Rules. Commonwealth's Exhibit B, supra, and see Charleton v. Wakefield, Civ. A. No. 07-200 Erie, 2010 WL 724521 at **9-10 (W.D. Pa. Mar. 1, 2010).

Moreover, because these claims were found defaulted under state law by the highest court to consider them, they are procedurally defaulted here. The Pennsylvania appellate rules pertaining to the form of an appellate brief have been found to constitute independent and adequate rules requiring a finding of procedural default because they are firmly established and regularly followed. Muhammed v. Cameron, Civ. A. No. 10-34 Erie, 2011 WL 3862388 at *6 (W.D. Pa. Aug. 1, 2011). As discussed above, Moore has not shown any facts that would warrant excusing his procedural default.

Even if these claims were not procedurally defaulted, they would not provide Moore with grounds for relief. In response to counsel's question, Moore told the judge on the morning of his plea hearing that he had taken Klonopin, an anti-anxiety drug, that morning before 8:00 a.m. Commonwealth v. Moore, No. 1059-12, Transcript of Proceedings, June 18, 2012, Vol. 1, at 11. His attorney said: "[T]o me, and I've known you for years, you appear to be slurring a little bit and you're sleepier than normal. Do you feel in any way affected by taking the medication?" Id. at 10. Moore responded: "Yes." Also in response to counsel's questioning, Moore stated that Klonopin normally took "four to six hours" to wear off. Id. at 11.

As a result of these statements, the plea judge postponed the hearing until 3:30 in the afternoon. Id. at 12-13. At that time, the following exchange occurred between Moore and his counsel:

> COUNSEL: How you feeling right now?
>
> MOORE: I'm feeling all right.
>
> COUNSEL: You're of a clear mind?
>
> MOORE: Yeah.
>
> COUNSEL: You're not slurring any more?

| | | |
|---|---|---|
| MOORE: | | I'm not what? |
| COUNSEL: | | Slurring your words any more? |
| MOORE: | | Oh, no. |

Transcript of Proceedings, Vol. 2, at 7-8.

The record, therefore, does not support Moore's argument that he was incapable of entering a knowing and intelligent guilty plea at the time he did so. Accordingly, even if his claims in this regard could be considered on the merits, they would not be successful.

**The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.**

IV.     Conclusion

Based on the foregoing, I make the following:

R E C O M M E N D A T I O N

AND NOW, this 13th day of November, 2014, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED. There is no basis for the issuance of a certificate of appealabilty.

BY THE COURT

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE