IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MOORE | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | No. 14-5533 |
| v. | : | |
| | : | |
| SUPT. JEROME WALSH et al., | : | |
| Defendants. | : | |

FILED

MAY 18 2015

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

This /8/" day of May, 2015, it is **ORDERED** as follows:

1. Upon consideration of Petitioner's Motion Requesting Appointment of Counsel, Petitioner's Motion is **DENIED without prejudice.**

Courts are empowered to appoint counsel for financially eligible habeas corpus petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Whether appointing counsel is appropriate in any given case will depend on a variety of factors including "the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese v. Fulcomer*, 948 F.2d 247, 264 (3d Cir. 1991), *superseded on other grounds as stated in Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996). Here, I find that the issues in this case are not sufficiently complex as to require appointment of counsel for Petitioner. Moreover, appointment of counsel would be inappropriate because Petitioner's claims are barred because of procedural default.

1

2. The Report and Recommendation of Magistrate Judge Hart, dated November 13, 2014, is **APPROVED and ADOPTED.** Petitioner's Objections are **OVERRULED** for the reasons stated by Magistrate Judge Hart in the Report and Recommendation.[1]

3. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Robert Moore, is **DENIED;** and

4. A certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural rulings with respect to petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Gerald Austin McHugh, J.
United States District Judge

---

[1] Petitioner objects that the Report and Recommendation inadequately considered whether *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) provides "cause" to excuse Petitioner's failure to raise all of his claims in state court. In *Martinez*, the Supreme Court held that if counsel for petitioner at an initial post-conviction proceeding fails to raise an issue that could only be raised for the first time in post-conviction proceedings, that failure could be "cause" excusing procedural default of the issue in federal court. The Supreme Court emphasized that *Martinez* is a narrow exception to the rules of procedural default: "[A]n attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial." *Martinez*, 132 S. Ct. at 1319. The Third Circuit offered the following explanation of *Martinez*'s rule:

> where state law requires a prisoner to raise claims of ineffective assistance of trial counsel in a collateral proceeding, rather than on direct review, a procedural default of those claims will not bar their review by a federal habeas court if three conditions are met: (a) the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel (b) in the initial-review collateral proceeding (i.e., the first collateral proceeding in which the claim could be heard) and (c) the underlying claim of trial counsel ineffectiveness is "substantial," meaning "the claim has some merit," analogous to the substantiality requirement for a certificate of appealability.

*Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014). The *Martinez* exception does not apply to the case before me to rescue Petitioner's ineffective assistance of counsel claims. Petitioner here did raise different sets of claims to the Pennsylvania Court of Common Pleas but then failed to raise them on appeal to the Superior Court. The Superior Court wrote that Petitioner's "submission [to the Superior Court] consisted entirely of the notes of testimony from that portion of his plea hearing that was continued because Appellant was having trouble with his medication. Appellant's brief did not contain any of the sections required under our appellate rules." Exhibit B to Government's Reply to Petition. And therefore, "[i]n failing to provide appellate advocacy on any of the claims he presented before the PCRA court, Appellant has precluded meaningful review by this Court. Hence, we dismiss this appeal." *Id.* Thus, it was not ineffective assistance of counsel at the initial review collateral proceeding that led to a procedural default, but instead the failure to pursue claims through the state appeals. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) ("Petitioners who have not fairly presented their claims to the highest state court have failed to exhaust those claims.").